UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EUGENE W. MOELLER,**

    **Plaintiff,**

vs.                                                               Case No. 8:04-cv-2138-T-MSS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying claims for disability, disability insurance benefits and supplemental security income under the Act.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**I.   Background**

    **A.   Procedural History**

Plaintiff filed an application for disability, disability insurance benefits, and supplemental security income on December 4, 2002. (T. 46-48.) Plaintiff alleged an onset of disability on October 15, 2002, due to gallstones, hepatitis C, cirrhosis of the liver and emphysema. (T. 46, 55.) His application was denied initially and upon reconsideration.

1

Plaintiff requested a hearing, at which time he claimed that he also suffered from depression. (T. 37.) The hearing was held on April 9, 2004, before Administrative Law Judge G. Wade Green (hereinafter referred to as the "ALJ"). (T. 239-55.) In a decision dated May 17, 2004, the ALJ denied Plaintiff's claims for benefits. (T. 17-29.) The Appeals Council denied review of the decision on August 12, 2004. (T. 7-9.) This action for judicial review ensued.

**B.      Medical History and Findings Summary**

Plaintiff's medical history is set forth in the ALJ's decision. By way of summary, Plaintiff complained of impotence, dermatitis, hepatitis C, anxiety, mood swings, cirrhosis of the liver, gallstones, chronic obstructive pulmonary disease, fatigue, and depression.

At the hearing, the Plaintiff presented the ALJ with medical records from Plaintiff's treating and examining physicians. After considering the evidence, the ALJ found that although Plaintiff suffered from severe impairments including hepatitis C, cirrhosis, an affective disorder, and ongoing alcohol abuse, he did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (T. 28.) The ALJ found that Plaintiff's impairments, including the affects of chronic alcohol abuse, would preclude performance of substantial gainful activity on a sustained basis. However, absent the finding of alcohol abuse, Plaintiff would be expected to have only mild restrictions in performing work activity. (Id.)

The ALJ found the Plaintiff's allegations of disabling symptoms and limitations were not fully credible. (T. 25-26, 28.) The ALJ determined Plaintiff, absent alcohol abuse, had the residual functional capacity to lift and/or carry up to 50 pounds occasionally and 25

pounds frequently, and sit and stand and/or walk for 6 hours in an 8-hour day. Furthermore, Plaintiff could understand, remember and carry out simple and detailed instructions. The ALJ found that Plaintiff's past relevant work as a laborer did not require the performance of work-related activities precluded by his residual functional capacity. The ALJ, therefore, concluded Plaintiff was not disabled under the Act. (T. 28-29.)

Plaintiff contends that the decision of the ALJ must be reversed and remanded for further hearing because the ALJ erred in failing to recontact the consultative physician or eliciting another medical opinion regarding Plaintiff's complaints of fatigue. For the reasons that follow, the Undersigned AFFIRMS the decision of the Commissioner.

## II.   Standard of Review

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law *de novo*. See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard.

McDaniel v. Bowen, 800 F.2d 1026, 1029-30 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required.  Jamison v. Bowen, 814 F.2d 585 (11th Cir. 1987).

III.   Discussion

   A.   WHETHER THE ALJ ERRED IN FAILING TO RECONTACT DR. KUTNER OR ELICITING ANOTHER MEDICAL OPINION REGARDING PLAINTIFF'S COMPLAINTS OF FATIGUE.

Plaintiff argues the ALJ erred in failing to recontact Dr. Kutner, a consulting physician, who opined that Plaintiff's alleged fatigue was likely the result of alcohol consumption.  Plaintiff alternatively argues that the ALJ should have elicited another medical opinion regarding the cause of Plaintiff's fatigue.

In support of Plaintiff's contention, he appears to rely on 20 CFR § 404.1519p(b) which provides that if a consultative physician's report is "inadequate or incomplete, we will contact the medical source who performed the consultative examination, give an explanation of our evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report."  Accord 20 CFR § 416.919p(b) (same for supplemental security income).

In January 2004, Dr. Kutner examined Plaintiff at the request of the Office of Disability Determinations.  Plaintiff's chief complaints were a lack of energy and a history of hepatitis.  Plaintiff reported that he was able to perform heavy physical work for a couple of hours but then runs out of energy and feels very tired.  He further reported that he often

just "falls asleep and sleeps several hours although he does not understand why this happens to him." (T. 145.) Plaintiff admitted that he starts drinking first thing in the morning and consumes large quantities of alcohol throughout the day. Plaintiff indicated that he had several part-time jobs including doing outdoor type gardening and maintenance in homes. (Id.)

Dr. Kutner indicated that some of Plaintiff's medical records were available to him. Dr. Kutner noted that Plaintiff claimed he contracted hepatitis C thirty years prior when he had a history of drug abuse. Plaintiff further claimed that he was not aware that he had the disease until he had a blood test. Physical examination of Plaintiff was normal. Plaintiff's lungs were clear and his range of motion was within normal limits. He had normal motor strength. Plaintiff denied abdominal pains and had no recent weight loss. (T. 145-46.) Dr. Kutner noted that Plaintiff was pleasant, cooperative and showed no evidence of depression or anxiety and that Plaintiff had told the staff jokes. Dr. Kutner also noted that Plaintiff had "calluses on both hands and dirt under his fingernails as if he does daily outside work." He indicated that Plaintiff did not have trouble getting up from a chair and getting on and off the exam table. (T. 146.)

Dr. Kutner concluded as follows:

> This claimant claims to become fatigued easily but the physical examination does not support any of that. It appears that he drinks alcohol heavily on a daily basis and that is probably what is causing him his fatigue although he has a history of hepatitis C it does not appear to be causing him any problem.

(T. 145-46.)

In his written opinion, the ALJ noted that Dr. Kutner evaluated Plaintiff in January

5

2004 and noted that the Plaintiff had a history of hepatitis C which did not appear to be causing any problems. The ALJ further noted that, "Dr. Kutner also opined that the claimant's heavy consumption of alcohol was causing his fatigue." (T. 25.) The ALJ opined that Plaintiff's chronic fatigue resulted from alcohol abuse. (T. 24.) The ALJ, in making the finding that Plaintiff's alcohol abuse is material to the finding of disability, indicated that he gave greater weight to the opinion of Dr. Kutner because he examined the Plaintiff and relied on the findings of the physical examination, which did not support Plaintiff's allegations, rather than just Plaintiff's self-report of fatigue. The ALJ further found that Dr. Kutner's opinion was supported by medical and other evidence of the record and was not inconsistent with the opinions of any treating physician. (T. 25-27.)

The Court finds that the ALJ did not err in failing to recontact Dr. Kutner. As indicated above, 20 CFR §§ 404.1519p(b) and 416.919p(b) require a consultative physician to be recontacted if his report is "inadequate or incomplete." Dr. Kutner's report included Plaintiff's present and past medical history, his findings upon clinical examination, his impression and the reasons for his opinion. (T. 145-46.) Also included are the results of laboratory testing. (T. 147-48.) Dr. Kutner specifically opined that Plaintiff's complaints of fatigue were not supported by physical examination. The ALJ had no reason to question the adequacy of his report.

Furthermore, the ALJ's crediting of Dr. Kutner's opinion is supported by other substantial evidence of record. In this regard, on November 4, 2002, Plaintiff reported to Dr. Rajaratnam that he had not seen a doctor since 1963 and had not had any major problems. (T. 105.) Plaintiff indicated that he was then working as an outside

maintenance worker and was very active. (Id.) On December 10, 2002, when he returned for a follow-up with Dr. Rajaratnam, Plaintiff reported that he was doing fine. (T. 92, 93.)

After Plaintiff was found to have the hepatitis C antibody, Dr. Rajaratnam referred Plaintiff to Dr. VanHook. Dr. VanHook's notes of November 25, 2002, indicated that Plaintiff reported feeling well. Dr. VanHook specifically noted that Plaintiff had no complaints of weakness or fatigue. (T. 107, 179. 208.) On December 9, 2002, Plaintiff again reported feeling well. Dr. VanHook noted that Plaintiff had "no symptoms associated with his liver abnormality and denies abdominal swelling, pain in the right upper quadrant, or fatigue." (T. 106, 205.) Neither Dr. Rajaratnam or Dr. VanHook, both of whom are treating physicians, placed any physical restrictions on Plaintiff. Rather, both physicians advised Plaintiff to stop drinking alcohol. (T. 92-93, 98, 106, 108.)

It does not appear that Plaintiff sought medical treatment again until February 2004 when he complained of nausea, itching, and being tired and dizzy. (T. 228.) Plaintiff stated he was working part-time in maintenance/housekeeping. He admitted to drinking three to four beers a day. He was advised to stop his alcohol intake. He was prescribed Xanax, folic acid and over-the-counter Centrum Silver vitamins. (T. 228-232.) No physical limitations were placed on Plaintiff at that time.

The only physician to opine that Plaintiff's fatigue was caused by his hepatitis C is Dr. Salari who examined Plaintiff in June 2003 at the request of the Office of Disability Determinations. (T. 115-117.) Physical examination was normal, and Dr. Salari indicated that Plaintiff had no obvious physical impairment. (T. 116.) Nonetheless, Dr. Salari noted that "Hepatitis C is known to cause generalized weakness and easy fatigability." He opined

that, "[A]t the present time because of generalized fatigue, he is only capable of doing light to medium work, perhaps on a part-time basis. He has decreased endurance for a full time medium to heavy work, including yard work or outdoor maintenance." (T. 115-117.)

The ALJ, however, rejected Dr. Salari's opinion. The ALJ explained that, "Dr. Salari's statement regarding generalized weakness is based on claimant's self-report of generalized weakness and is not supported by his examination or other medical evidence." (T. 27.) The ALJ did not err in rejecting Dr. Salari's opinion. Notably, the ALJ may reject any physician's opinion, including his physical capacities evaluation, when the evidence supports a contrary finding. Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir.1987). In this case, the treatment notes of Plaintiff's treating physicians, the physical examinations of Plaintiff, and Dr. Kutner's findings and opinion constitute sufficient substantial evidence to support the ALJ's finding that Plaintiff's chronic fatigue is the result of his alcohol abuse.

Finally, Plaintiff's own statements support the ALJ's crediting Dr. Kutner's opinion and finding Plaintiff's fatigue was a result of his alcohol intake. For instance, Plaintiff reported in March 2003 that he did his own shopping and he performed household chores including cleaning, vacuuming, dusting, laundry, household repair and law care. (T. 77-78.) Plaintiff explained that he did "everything necessary to run house" as he lived alone. (T. 78.) While he reported his activities had changed, he explained that was a result of his lack of income. (T. 78.)

The ALJ also noted that while Plaintiff claimed that he had quit his full-time job in October 2002 due to fatigue and weakness, he initially reported that he had been laid off

8

from his full-time job.[1]  (T. 26, 106.)  The ALJ further noted that, despite his complaints of disabling fatigue, Plaintiff reported working several hours a day doing heavy, physical-type work in January 2004 and worked several part-time jobs at one time.[2]  (T. 26, 89, 90, 145, 127, 193, 194.)  Furthermore, a case worker witnessed Plaintiff working in his front yard in March 2004.  (T. 26, 193.)

Given the foregoing, substantial evidence supports the ALJ's finding regarding Plaintiff's fatigue.  Furthermore, the ALJ was not required to elicit the opinion of another medical consultant regarding the cause of Plaintiff's fatigue.  A consultative examination may be required in order for the ALJ to render an informed decision if the record establishes that such an examination is necessary.  Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984)(citation omitted); Pearson v. Bowen, 866 F.2d 809 (5th Cir. 1989).  In this case, Plaintiff was examined by <u>two</u> consultative physicians with regard to his complaints of fatigue.  The substantial evidence set forth above supports the ALJ's decision to credit one of those opinions and to reject the other one.  Plaintiff did not raise the "requisite suspicion" that yet another such examination was necessary for the ALJ to satisfy his duty of full inquiry.

## CONCLUSION

The ALJ's finding that Plaintiff's chronic fatigue was a result of his alcohol abuse is supported by substantial evidence.  The ALJ did not err in failing to recontact Dr. Kutner

---

[1] The Court notes that when Plaintiff applied for disability, he reported that he stopped working on October 15, 2002, and that he had been "terminated because of company property in vehicle."  (T. 55.)

[2] The ALJ found Plaintiff's subjective allegations not fully credible.  (T.25-28.)  Plaintiff does not object to this finding.

or in failing to elicit another medical opinion regarding Plaintiff's fatigue. As such, the Court AFFIRMS the decision of the Commissioner. The CLERK is DIRECTED to enter judgment in favor of the Defendant pursuant to Rule 58 and CLOSE this case.

**DONE AND ORDERED** in Tampa, Florida on this 3rd day of February, 2006.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record